Filed 2/11/25  P. v. Roberts CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084484 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237246) |
| ERIC PATRICK ROBERTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Appeal dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### MEMORANDUM OPINION[1]

Eric Patrick Roberts appeals from a judgment following a bench trial recommitting him as an offender with mental health disorder (OMHD) under

---

[1]    We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

Penal Code sections 2970 and 2972.[2]  His counsel on appeal has filed an opening brief asking this court to conduct an independent review of the record under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We granted Roberts the opportunity to file a supplemental brief on his own behalf and he has not done so.  We decline to conduct an *Anders/Wende* review and dismiss the appeal.

FACTUAL BACKGROUND

In August 2014, Roberts pled guilty to assault with intent to commit rape, admitting an enhancement under section 667.5, subdivision (b).  The court sentenced Roberts to a total prison term of five years.

In 2016, Roberts was committed to the Department of State Hospitals as an OMHD under section 2962.  Each year since 2019, the court has ordered a one-year extension of Roberts's civil commitment under sections 2970 and 2972.  In support of the March 2024 petition, the People attached an affidavit from the medical director of a state hospital.  The medical director opined that Roberts suffered from a "severe mental disorder" that was "not in remission," that his disorder could not be kept in remission if his treatment was not continued, and that he "represent[ed] a substantial danger of physical harm to others."

Roberts denied the allegations in the petition and requested a bench trial.  The court appointed two doctors to examine Roberts and provide opinions about whether his commitment should be extended for another year.  Both doctors opined that Roberts suffered from a severe mental disorder and that his mental disorder was not in remission.  A psychologist working at the

---

[2]     Further undesignated statutory references are to the Penal Code. OMHD prisoners were previously referred to as mentally disordered offenders or MDOs, but the Legislature changed the terminology in 2019. (*People v. McCray* (2023) 98 Cal.App.5th 260, 264, fn. 1.)

2

state hospital confirmed the opinion attached to the recommitment petition. A fourth doctor, called to testify by Roberts, agreed Roberts was not in remission and met the criteria for recommitment, but contended he could receive treatment in an outpatient setting. Finally, Roberts also testified, asserting his symptoms were controlled and that he did not commit the crime he was incarcerated for. He requested release from his civil commitment.

Ultimately, the court determined the petition's allegations were true and recommitted Roberts to the Department of State Hospitals for an additional one-year term, until July 15, 2025.

DISCUSSION

Roberts's appointed appellate counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the facts and procedural history. Counsel raised no specific issues on appeal, arguing an *Anders/Wende* approach is appropriate. Following the holding of *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*), we will dismiss the appeal without conducting an independent review of the record because the procedures set forth in *Wende* and *Anders* for *criminal* defendants do not apply to an extension of a *civil* commitment under the OMHD statute. (§ 2960 et seq.)

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539.) The Court of Appeal, Second Appellate District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to OMHD commitment cases. (*Taylor, supra*, 160 Cal.App.4th at p. 308.) Roberts's counsel cites *Taylor* but does not discuss its holding or applicability to this matter.

3

In *Taylor*, the court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to postconviction commitments under the OMHD statute. (*Taylor, supra*, 160 Cal.App.4th at p. 312.) *Taylor* reasoned that *Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a *criminal* case, and the Supreme Court has identified the OMHD statute as a " 'civil commitment scheme.' " (*Ibid.*; see also § 2972, subd. (a)(1) [describing OMHD recommitment hearing as a "civil hearing"].) *Taylor* noted that "there are numerous procedural protections against unwarranted commitments" (*Taylor*, at p. 312), including the right to appointment of counsel on appeal, and "[d]ue process therefore does not require us to extend the *Anders*/*Wende* procedures to these appeals." (*Id.* at p. 313.) Accordingly, *Taylor* dismissed the appeal without conducting an independent review of the record. (*Ibid.*)

We agree with *Taylor*'s reasoning and apply it here. No reasonably arguable issues have been raised by counsel or appellant, and we decline to exercise our discretion under *Ben C.* to conduct an independent review of the record in this case under *Anders/Wende* or otherwise. (See *Taylor, supra*, 160 Cal.App.4th at p. 313.) Accordingly, we dismiss the appeal.

4

## DISPOSITION

The appeal is dismissed.


                                                              BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.